Ruoer HUANG, Ai Fen Hu, Xing Hua Huang, Jinhu Huang, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

Nos. 03–40558–ag (L), 03–40559–ag (Con), 03–40560–ag (Con), 03–40561–ag (Con).

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

John L. Brownlee, United States Attorney for the Western District of Virginia, Julie C. Dudley, Assistant United States Attorney, Roanoke, VA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xing Hua Huang and Ai Fen Hu, and their children Ruoer Huang, and Jinhu Huang ("Huangs"), through counsel, petition for review of the BIA's denial of their motion to reopen their removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case, and note that only the denial of the motion to reopen is under review because that is the only decision from which the Huangs filed a timely petition for review. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur,* 413 F.3d at 233; *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is

to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying the Huangs's motion. Because the medical reports evidence a sterilization that allegedly took place in 1983, the BIA reasonably concluded that the results of the medical exam could have been submitted to the IJ at the hearing. Further, it is clear that the articles about the flood could have been submitted at that time. The BIA had a reasonable basis for concluding that there is no showing that the new evidence was not previously available or discoverable. *See* 8 C.F.R. § 1003.2(c)(1) (2006).

Moreover, the BIA did not abuse its discretion in concluding that the evidence was insufficient to establish *prima facie* eligibility. The Huangs claim that the BIA improperly applied the IJ's old adverse credibility determination to new evidence, however, the BIA did not abuse its discretion because the Huangs's claim of a well-founded fear of persecution is the same claim that the IJ denied and it is based entirely on the same factual predicate that the IJ found not to be credible. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Furthermore, the BIA did not abuse its discretion or apply an incorrect standard of law by stating that the "evidence is inadequate to establish that the adult female respondent underwent an involuntary sterilization." Although the Huangs are correct in stating that they are only required to show *prima facie* eligibility, they are mistaken in their assertion that the BIA applied a different standard. Read in the context of the Huangs's case and the BIA's decision, it is clear that the

BIA found that the evidence, *even if it was true,* failed to establish Ai Fen had a sterilization that was *involuntary.* Therefore, the BIA did not abuse its discretion.

■ Finally, this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its *sua sponte* authority. *Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir. 2006).

Ephraim Tahir Mella, Philadelphia, Pennsylvania, for Petitioner.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.